Nicholson, Syndic, v. Jacobs.

---

JOHN NICHOLSON, Syndic of the Creditors of G. W. Pritchard & Co., Insolvents, *v.* CHARLES A. JACOBS.

No action can be maintained by the syndic of an insolvent estate to recover from a third person the amount of certain notes given for the price of property belonging to the estate, on the allegations that the notes were illegally obtained by defendant from a former syndic, with full knowledge that the latter had no authority to dispose of them and that he did so in fraud of the creditors of the insolvent, and that the amount of the notes was received by the defendant, where it is neither alleged nor proved that the former syndic has failed to account for the proceeds of the notes nor that any account has ever been demanded of him.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *T. A. Clarke*, for the plaintiff.

*Grymes*, for the appellant. The facts of this case are as follows. In 1840, Geo. W. Pritchard was appointed syndic of his own creditors. In September of that year, the two notes sued for in this case were discounted by the defendant, at the instance of an exchange broker, without any knowledge or information for whose account, or for what purpose, they were discounted. The notes at the time they were discounted, were endorsed by the payees in blank, and afterwards by " Geo. W. Pritchard, *Syndic*." The plaintiff was afterwards appointed syndic of the creditors of Pritchard, and now sues to recover the notes, or their proceeds, from the defendant, to whom the broker had passed them.

The question is, whether a note discounted in the market un-

der such circumstances, or its proceeds, can be recovered from the holder.

The defendant insists, that there was no circumstance attending the transaction, which could justly excite his suspicions. The notes were already negotiable by delivery, having been endorsed in blank by the payees.

The only circumstance relied on by the plaintiff, is the existence of the word *syndic*, after the name of Pritchard, on the back of the note, as second endorser. That circumstance alone was not sufficient to excite a suspicion that the note was to be negotiated in fraud of the creditors, because: 1st. Fraud is never to be presumed. 2d. The syndic is the confidential agent of .the creditors, elected or chosen by them; and the presumption was, that he had passed the note off in the due execution of his trust, and that he had been properly authorized to do so. 3d. Syndics give surety as required by law, upon whom recourse may be had in case they fail to account. 4th. The word *syndic* after the name, indicated nothing. It was only a word of description, which could not bind the estate, and is not, *per se*, a badge of fraud. This case cannot be distinguished in principle from that of *Fusilier* v. *Bonin*, 12 Mart. 235, and *Canfield* v. *Gibson*, 1 Mart. N. S. 143.

The judgment must be reversed, for it is not alleged or proved, that Pritchard had defrauded his creditors, that he had failed to account, nor that, on accounting, he was a defaulter; nor that any account had even been demanded of him. Suppose he should render a just and true account, when demanded,—on what grounds could the present syndic demand the notes or money from the present defendant?. He surely would not be permitted to enrich the insolvent estate at the expense of the defendant, without showing that the estate had sustained loss or injury by his fraud or negligence.

MORPHY, J. The plaintiff, suing as the syndic of the creditors of George W. Pritchard and of G. W. Pritchard & Co., represents, that the said Pritchard, formerly syndic of his own creditors and of those of G. W. Pritchard & Co., caused to be sold certain property surrendered by them, and received in payment certain notes, among others, one of $1433 33, drawn by S. & J. P. Whitney to the order of and endorsed by Palmer & Johnson, dated March 25, 1840, payable three years after date; and another of $1333 33 drawn by Edward Yorke, to the order of and endorsed by Charles Ogden, dated the same day, and payable two years after date; that the said Pritchard, without au-

thority, and not in discharge of any of his duties as syndic, but in fraud of the creditors of the estate which he administered, placed said notes in the hands of Charles A. Jacobs, who received them, well knowing that Pritchard had no right or authority so to deliver them to him, and that he did so in fraud of the creditors. He further avers, that Jacobs has received payment of the note drawn by S. & J. P. Whitney, and that he still holds the note drawn by Yorke, but refuses to pay over the proceeds of the one, or to surrender the other. He, therefore, prays for judgment for the amount of the note paid, and for the note unpaid, or its amount, with interest and costs. The defendant pleaded the general issue. There was a judgment below against him, from which he has appealed.

The evidence shows, that in September, 1841, Pritchard placed the two notes in question in the hands of John Kilty Smith, a broker, to be sold ; that they were purchased by the defendant at a discount of twelve per cent per annum ; and that at the time he took them, they were endorsed "*G. W. Pritchard, Syndic,*" and bore the usual *paraph* of the notary who executed the sales with which they are identified. Whitney's note was paid at maturity ; that of Yorke was put in suit by Jacobs, and payment obtained by the seizure and sale of the property mortgaged.

The new syndic rests his right to recover the amount of these notes upon the fact, that the endorsement " *G. W. Pritchard, Syndic,*" which was upon them when they were offered to Jacobs, informed him they were held by Pritchard in that capacity ; that a syndic has no authority to transfer notes belonging to the estate which he represents, without an order of the court under which he holds his appointment ; that when Jacobs took the notes with this endorsement, he was bound to inquire into the authority of the syndic to negotiate them away ; and that, not having done so, he has made himself liable for their amount to the creditors. The doctrine is well settled, that if an agent tortiously converts the property of his principal—if he sells, or pledges it, to a third person, without right or authority, the latter will be liable to the principal, if he knew or participated in the illegal or unauthorized act of conversion. Whatever may be our opinion as to the liability of the defendant, under the circumstances disclosed by

the evidence in this case, an objection is made to the petitioner's right to recover, which, in our opinion, is fatal.  It is not alleged in the petition, or shown, that G. W. Pritchard is a defaulter in his capacity of syndic, that he has failed to account, or even that an account has ever been demanded of him.  He may, when called upon, render a true and faithful account, in which event, although his act may have been unauthorized, there will have been no conversion to his own use of funds belonging to the creditors. If the latter have not suffered any injury or loss, they have no right to complain.  For aught that appears in the record, Pritchard may have since accounted for the amount of these notes. No recovery against the defendant can be had, unless it be shown that the estate represented by the petitioner has sustained loss or injury, in consequence of the defendant's fraud or negligence. Under the circumstances, we think that justice requires, that this case should be remanded, to afford the plaintiff an opportunity of amending his petition, and making the averments and proofs necessary to establish his right to recover.

It is, therefore, ordered, that the judgment of the Commercial Court be reversed, and that this case be remanded for further proceedings ; the plaintiff and appellee paying the costs of the appeal.